NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0750n.06
Filed: October 11, 2006

No. 05-3968

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALMIDA BINAJ; ERINA BINAJ; ANXHELA BINAJ | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS |
| ALBERTO R. GONZALES, Attorney General | ) ) | |
| Respondent. | ) ) | |

Before: ROGERS and GRIFFIN, Circuit Judges; OBERDORFER, District Judge.[1]

ROGERS, Circuit Judge. Petitioner Almida Binaj, for herself and on behalf of her daughters, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of the Binajs' applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA affirmed the Immigration Judge's ("IJ") finding that Binaj failed to prove that she and her daughters suffered past persecution in Albania on account of any protected ground. While accepting Binaj's account of the events she and her family suffered in Albania, the IJ found that the alleged reason for their persecution, namely her husband's efforts regarding the reorganization of the Albanian air force, does not constitute persecution because of race, religion,

---

[1]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

nationality, membership in a particular social group or political opinion. Furthermore, the IJ found that even if her husband's activities in the Albanian air force were categorized as a political opinion, the evidence does not show that any of the various people who threatened or harmed Binaj or her family did so because of her husband's political opinion.

Because substantial evidence supports the IJ's finding that Binaj was not persecuted because of her husband's efforts regarding the air force, we deny Binaj's petition for review without considering the IJ's determination that those activities do not constitute "political opinion." We also reject Binaj's claim that the IJ and the BIA erred by failing to consider her membership in the nuclear family of Perlat Binaj as an independent basis for protected status, because Binaj did not raise this argument before the IJ or the BIA.[2]

The Immigration and Naturalization Service initiated removal proceedings, under Section 237(a)(1)(B) of the Immigration and Nationality Act ("Act"), in the United States Immigration Court in Detroit against Almida Binaj and her daughters for remaining in the United States longer than permitted. In proceedings before the IJ, Binaj admitted that she was a citizen and native of Albania and that she and her daughters received permission on December 19, 1999, to enter the United States

---

[2] On appeal, Binaj also raises the issue of mixed motives for persecution but does not show that either the BIA or the IJ actually found that any protected ground was a motive, partial or otherwise, for the mistreatment suffered by her and her family. Quite to the contrary, the BIA stated that Binaj "failed to prove that [she] suffered past persecution on account of any protected ground." The BIA went on to find that Binaj did not show that any of the actors involved in the incidents she referred to were motivated "because of her husband's political opinion." Accordingly, the question of mixed motives for past persecution is not relevant to this appeal.

as visitors for pleasure. On December 22, 2001, Binaj filed an application, with her daughters as derivative applicants, for asylum under section 208(a) of the Act, for Withholding of Removal under section 241(b)(3) of the Act, and for consideration under the United Nations Convention Against Torture. While Binaj's initial application was rejected, the IJ found that her resubmitted application on January 24, 2001, was timely.

When reviewing denials of asylum under the applicable substantial-evidence standard, this court must consider the IJs's findings of fact to be conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *Hana v. Gonzales*, 400 F.3d 472, 475 (6th Cir. 2005).

Almida Binaj's husband, Perlat Binaj, served in the Albanian air force as a Brigadier General and was involved in its reorganization. Almida Binaj believes that opposition to her husband's ideas for reorganization of the air force motivated the actions which are the basis of her claim for asylum.

The circumstances surrounding the incidents reported by Binaj provide reasonable ground to doubt that they were motivated by Perlat Binaj's earlier activity as an air force general. Therefore, even if we assume that Perlat Binaj's activity could provide Almida Binaj a ground for claiming protected status, substantial evidence supports the IJ's finding that she and her daughters were not persecuted on account of actual or imputed political opinion.

The IJ reasonably relied on the anonymous character of the majority of the incidents which Binaj described to conclude that Binaj has not shown that they were motivated by any protected

ground. This is the case with the phone calls in late 1995.[3] Evidence that only "government or military personnel had frequent access" to the phone does not narrow the range of possible actors and motives so as to make the IJ's conclusion unreasonable. Likewise, there is no direct evidence concerning the motive behind a December 28, 1995, attack on Binaj's apartment. Binaj's supposition that the attack was connected to the earlier phone calls and her husband's opinions is mere speculation. In December 1996, an unidentified man threatened Binaj at her office window. A few days later, rocks were thrown through the window of the office where Binaj worked. On December 15, 1998, Binaj was approached by an unknown man on the way to work, and on March 4, 1999, Binaj's daughter reported being followed by a strange car. Finally, on July 16, 1999, "some unknown people" came into Binaj's neighborhood asking where Perlat Binaj's home was. Because no evidence links any of these events to any particular persons or motives, substantial evidence supports the IJ's conclusion that Binaj has not shown that they were on account of a protected ground.

The remaining incidents which Binaj described involved circumstances from which the IJ reasonably inferred a motive other than hostility to Perlat Binaj's efforts regarding reorganization. The first of these appears to have stemmed from a personal, rather than political, dispute. In January

---

[3]Even if the record as a whole did compel the conclusion that these harassing phone calls where motivated by Perlat Binaj's political opinion, this incident alone would not qualify as persecution under the statute. "Persecution requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (internal quotation marks omitted); *accord Gilaj v. Gonzales*, 408 F.3d 275, 284 (6th Cir. 2005).

1997, the Chief of Meteorology at Binaj's place of employment threatened to fire Binaj. Based on Binaj's own characterization, this threat was motivated by an old personal grudge against her husband.[4]

Other incidents appear to be related to the Albanian military's concern about the whereabouts and activities of a former-high-ranking officer, not because of his past political opinions, but for ongoing security reasons. In July, 1996, one week after Perlat Binaj left Albania, an air force officer came to Binaj's apartment looking for her husband and told her that her husband was "in trouble" with the Minister of Defense. In March 1997, an army officer forced his way into the Binaj home. The officer searched the apartment looking for Perlat and put a gun to Binaj's head. That this incident occurred in a time of armed rebellion led the IJ to speculate that the officer may have been motivated by the military's legitimate desire to know "where a former Brigadier General in the air force might be and whether or not he might have arms that had been captured nearby."

The ordinary criminal nature of the two most traumatic incidents that Binaj reported support the IJ's conclusion that they are attributable to motives unrelated to any protected ground. First, there is the attempted rape at Binaj's workplace on January 30, 1998. The IJ emphasized that he believed Binaj's account of the attack, but "it had nothing to do with any protected category. He just

---

[4]Where an alleged persecutor viewed the conflict in purely personal terms, the alien has not established persecution due to a political opinion. *Marku v. Ashcroft*, 380 F.3d 982, 988 (6th Cir. 2004).

preyed on her because of her weakened position." Then, there is the kidnapping of Anxhela Binaj, then seven years old. The $15,000 paid in ransom to secure her release is an obvious motive.

In one incident it is arguable that Binaj was detained and beaten because of her own political opinions as a striking worker; however, Binaj does not advance this theory, and we, therefore, do not consider it.[5] Binaj was detained and beaten during a strike at the airport where she worked. However, she offers no evidence that this incident is connected to her primary theory, that she was persecuted because of her husband's political opinions.

We do not consider Binaj's argument that the IJ and the BIA failed to consider her membership in the "nuclear family of Perlat Binaj" as a separate basis for asylum. 8 U.S.C. § 1252(d)(1) precludes review of immigration decisions when aliens have not exhausted administrative remedies. Although Binaj did check both "membership in a particular social group" and "political opinion" on her asylum application form, she did not raise the nuclear family claim before the IJ.

Similarly, while Binaj's notice of appeal listed "membership in a particular social group" as an alternative basis for protected status, in her brief before the BIA, she relied exclusively on the political opinion of Perlat Binaj, and its imputation to his family, as the basis for her claim to protected status. This court stated in *Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004), that

---

[5]In any event, a single beating may be insufficient to establish a well-founded fear of persecution. *Gumbol v. INS*, 815 F.2d 406, 412-13 (6th Cir. 1987).

even if an issue is raised by the alien in her notice of appeal to the BIA, we will consider it waived if it is not argued in the brief filed with the BIA. We therefore do not consider that claim.

Finally, the record provides no support for Binaj's due process arguments. In one section of her brief, Binaj raises the denial of due process broadly, but does not cite any specific examples in the record to support her claim. In another section, Binaj claims that she was denied a fair hearing because "the IJ and the BIA disregarded and/or distorted substantial evidence." This claim is also entirely unsupported. There is no indication that the IJ or the BIA ignored the circumstantial evidence concerning Perlat Binaj's involvement in the reorganization of the air force. To the contrary, the IJ specifically notes this evidence in his opinion. Accordingly, Binaj has failed to show any violation of due process in the adjudication of her claim.

For the foregoing reasons, we DENY Binaj's petition for review.

OBERDORFER, District Judge, concurring. I also find convincing the IJ's reliance on the State Department report that Albania "has slowly and steadily resumed normalcy." J.A. 75.